UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.  CASE NO: 3:11-cr-198-HLA-MCR

TERRELL ANTON JOHNSON   ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A)

# ORDER

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☒ DENIED after complete review of the motion on the merits.

  ☒ FACTORS CONSIDERED

Defendant Terrell Anton Johnson is a 41-year-old inmate incarcerated at Coleman Low FCI, serving concurrent 180-month terms of imprisonment for the distribution of cocaine base, possession with intent to distribute cocaine base, and possession of a firearm by an armed career criminal. (Doc. 35, Judgment). According to the Bureau of Prisons (BOP), he is scheduled to be released from prison on June 20, 2024. Defendant seeks compassionate release

because of the Covid-19 pandemic and because he claims to suffer from "poorly controlled essential hypertension and poorly controlled hyperthyroidism secondary to Graves disease complicated by hypocalcemia and vitamin D deficiency." (Doc. 39, Motion for Compassionate Release at 2). The United States has responded in opposition. (Doc. 43, Response).

A movant for compassionate release bears the burden of proving that a sentence reduction is warranted. United States v. Heromin, No. 8:11-cr-550-T-33SPF, 2019 WL 2411311, at *2 (M.D. Fla. Jun. 7, 2019); cf. United States v. Hamilton, 715 F.3d 328, 337 (11th Cir. 2013) (a movant under § 3582(c)(2) bears the burden of proving that a sentence reduction is appropriate). The statute provides:

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment ... if it finds that extraordinary and compelling reasons warrant such a reduction … and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A)(i). "Because the statute speaks permissively and says that the district court 'may' reduce a defendant's sentence after certain findings and considerations, the court's decision is a discretionary one." United States v. Harris, 989 F.3d 908, 911 (11th Cir. 2021). As the Third Circuit Court of Appeals has observed, the mere existence of Covid-19 cannot independently

2

justify compassionate release, "especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread." United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020).

Defendant has not demonstrated extraordinary and compelling reasons warranting compassionate release. 18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13. According to the Centers for Disease Control (CDC), some underlying conditions can increase the risk of severe illness from Covid-19[1], but these conditions fall into different categories depending on the strength of the evidence supporting an association with severe illness.[2] Hypertension falls into the lowest category, with only mixed evidence supporting a link with severe infection. Defendant's other asserted conditions – hyperthyroidism, Graves' Disease, hypocalcemia, and vitamin D deficiency – do not fall into any category because the CDC does not report an association between those conditions and developing severe Covid-19. Defendant's hypertension also appears to be well-managed by medication (lisinopril 20 mg tablets). (Doc. 43-3, Medical Records at 3, 10, 20). Moreover, high blood pressure is not an extraordinary condition. The CDC reports that 108 million adults in the United States (about 45% of the adult population) have high blood pressure or take

---

[1] https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html.

[2] https://www.cdc.gov/coronavirus/2019-ncov/hcp/clinical-care/underlyingconditions.html.

medication for it.³

The Court also considers Defendant's complaint about the conditions at his prison, which allegedly make the environment conducive to the spread of Covid-19. Prisons are inherently difficult environments in which to control the spread of infectious diseases. As such, most BOP facilities have experienced an outbreak of Covid-19 to some extent. The state of affairs at Coleman Low FCI is not exceptional compared to other facilities. According to the BOP's latest data, no inmates or staff members are currently positive for coronavirus; 250 inmates and 42 staff members have recovered; and one staff member and one inmate (out of 1,793 total inmates) have died.⁴ That Coleman Low has seen inmates and staff infected with Covid-19, alone or in combination with Defendant's conditions, is not an "extraordinary and compelling" reason for a sentence reduction. To the extent Defendant complains that *the anti-Covid measures* implemented by Coleman Low have made prison life more difficult (such as reduced visitations), these conditions are experienced by every other inmate at the facility, and similar conditions have been experienced by inmates throughout the federal prison system as the BOP has attempted to confront a novel pandemic. If such hardships constituted extraordinary and compelling reasons for a sentence reduction, nearly every federal inmate in the country

---

³ https://www.cdc.gov/bloodpressure/facts.htm.

⁴ https://www.bop.gov/coronavirus/. Last accessed April 22, 2021.

4

would qualify for early release. As such, the Court concludes that Defendant has not established "extraordinary and compelling reasons" for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A).[5]

In any event, the sentencing factors under 18 U.S.C. § 3553(a) do not support a reduction in sentence. Defendant's 180-month term of imprisonment represents the mandatory minimum for an armed career criminal. 18 U.S.C. § 924(e).[6] Despite having accumulated four prior convictions for the sale of cocaine or the possession of cocaine with intent to sell – in addition to prior convictions for battery and fleeing or attempting to elude a police officer (see PSR at ¶¶ 41–48) – Defendant was convicted here of distributing cocaine base, possessing cocaine base with intent to distribute, and unlawful possession of a firearm. As courts have repeatedly recognized in different contexts, guns and

---

[5] The Court recognizes that several circuit courts have concluded that U.S.S.G. § 1B1.13 is not an applicable policy statement for defendant-initiated motions for compassionate release, and therefore it does not bind district courts. See, e.g., United States v. Aruda, No. 20–10245, 2021 WL 1307884 (9th Cir. Apr. 8, 2021) (published) (collecting cases); United States v. Brooker, 976 F.3d 228 (2d Cir. 2020). The Eleventh Circuit Court of Appeals has not yet ruled on this issue, although the matter is pending in several cases. The Court's decision does not depend on the resolution of this issue because it would reach the same conclusion even if it is not bound by § 1B1.13.

[6] Defendant states that he received an enhanced sentence under 21 U.S.C. § 851, and that if he were sentenced today under the First Step Act of 2018, "his sentence would not be subject to the same § 851 enhancement he received in 2012." Motion at 8. He is wrong. The United States did not file an information pursuant to § 851, nor did Defendant receive a recidivist enhancement under § 841(b)(1)(C). Defendant's 180-month prison sentence as to the two controlled substance offenses, Counts One and Two, is within the unenhanced 20-year maximum sentence applicable under 21 U.S.C. § 841(b)(1)(C). With respect to the firearm conviction, Count Three, Defendant's 180-month sentence was driven by the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), which the First Step Act did not change.

drugs form a lethal combination. See, e.g., Whittier v. Kobayashi, 581 F.3d 1304, 1309 (11th Cir. 2009) ("[W]e have also repeatedly noted the dangerous, and often violent, combination of drugs and firearms." (citations omitted)); United States v. Hromada, 49 F.3d 685, 689 & n.8 (11th Cir. 1995) ("Guns and violence go hand-in-hand with illegal drug operations."). The Court commends Defendant for making efforts to rehabilitate himself while in prison. However, in view of all the § 3553(a) factors, reducing Defendant's sentence is not warranted at this time.

Accordingly, Defendant Terrell Anton Johnson's Motion for Compassionate Release (Doc. 39) is **DENIED**.

**DONE AND ORDERED** at Jacksonville, Florida this 23rd day of April, 2021.

_____
BRIAN J. DAVIS
United States District Judge

lc 19

Copies:
Counsel of record
Defendant